CEDAR COUNTY V. MARY LAMMERS.

FILED MAY 3, 1905. No. 13,734.

Eminent Domain: ROADS. County authorities in laying out and establishing a public road may proceed against one in possession and apparent sole ownership of the land sought to be taken, and will be discharged from liability upon making compensation to such person in good faith and pursuant to a judgment of the court.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. Affirmed.

Millard & Snyder, for plaintiff in error.

B. Ready and J. C. Robinson, contra.

AMES, C.

Mary Lammers is the widow and executrix of the will of John Lammers, deceased, who died in 1897. In 1898 she purchased with funds belonging to the estate a tract of land which was conveyed to her in the usual manner. In 1902 the authorities of Cedar county laid out and established a public road across the land, appropriating for that use two acres of the tract. Mrs. Lammers filed a claim with the county board for damages in the sum of $100, upon which she was allowed $40, and from the order

of allowance she appealed to the district court. Upon the trial of the appeal the evidence was uncontradicted that the land taken was worth $40 an acre, and the court directed a verdict for $80, which was returned, and upon which a judgment was entered. The county prosecutes error.

The following statement is copied from the brief of counsel for plaintiff in error. "The points relied upon for a reversal of this cause, as set forth in the motion for a new trial and the petition in error, are: First, that the court has no jurisdiction of the subject matter; second, that there is not sufficient evidence to warrant the court in instructing the jury to return a verdict for the plaintiff in any sum whatsoever; third, that the action is not prosecuted in the name of the real party in interest; and, fourth, that the court had no power, under the prayer of the petition, to grant the relief it did."

All these objections are grounded upon a single contention of counsel for plaintiff in error which, in different phraseology, amounts, in substance, to this: That the lands having been bought with funds belonging to the estate of the testator are distributable to his heirs at law in the same manner as they would have descended to the latter by inheritance if the testator had died intestate and seized of them, and that therefore the heirs and not the executrix are alone entitled to prosecute this claim for damages. Whether the heirs acquired or will acquire anything by inheritance, or whether the whole of the testator's estate was disposed of by his will, could only be ascertained by an inspection of that instrument which is not exhibited by the record; but, in any event, as it seems to us, the executrix having acquired title to the land in the manner stated is trustee of it either pursuant to the will, or *ex maleficio*, or otherwise, and is entitled to enjoy and protect it against the whole world except those, whomsoever they may be, who are beneficially entitled. And the county board having a necessity to acquire a part of it for a public use are entitled to proceed against the party having the

possession and record title, without assuming the burden of ascertaining the validity and construction of the will, and the beneficiaries under it, or of solving the problem of equitable conversion. Such a requirement would, perhaps, be intolerably expensive, and might interpose an insuperable obstacle to the attainment of an important public end.

Whether persons supposing themselves to be beneficially interested would have been entitled to intervene it is not necessary to decide. None has applied so to do. The county cannot acquire the easement without making compensation to some one, and we think it will discharge its obligation by payment to the person in possession and apparent sole ownership. If she is accountable to third persons, they, and not the county, are entitled to enforce their rights as against her by some appropriate proceeding.

We therefore recommend that the judgment of the distrist court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.